JAMES R. HAWKINS, SBN 192925
GREGORY MAURO, SBN 222239
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone 949.387-7200
Fax 949.387-6676
james@jameshawkinsaplc.com
greg@jameshawkinsaplc.com

Attorneys for Plaintiff MARILYN LUTZ Individually and
on Behalf of Other Members of the Public Similarly Situated,

UNTED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARILYN LUTZ, Individually and on Behalf of Other Members of the Public Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| SECURITAS SECURITY SERVICES USA, INC., and DOES 1-10, inclusive, | ) ) ) |
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

*Case No.* 8:17-cv-00243
*Assigned for all purposes to:*

**CLASS ACTION COMPLAINT FOR:**

(1) FAILURE TO PROVIDE MEAL PERIODS;

(2) FAILURE TO PROVIDE REST PERIODS;

(3) FAILURE TO TIMELY PAY WAGES LABOR CODE §§ 201, 202-203;

(4) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS; AND

(5) UNFAIR COMPETITION

(6) PRIVATE ATTORNEYS' GENERAL ACT OF 2004

**DEMAND FOR JURY TRIAL**

Plaintiff MARILYN LUTZ ("Plaintiff"), individually and behalf of other members of the public similarly situated and on behalf of the State of California pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698, *et seq.* ("PAGA"),is informed and believes, and thereon alleges as follows:

# I. GENERAL ALLEGATIONS

1.     This is a Class Action brought pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) on behalf of Plaintiff and all other persons similarly situated who are or have been employed in a non-exempt security guard/officer position by SECURITAS SECURITY SERVICES USA, INC., within the State of California. Plaintiff seeks relief on a class-wide basis challenging the unlawful business practices engaged in by Defendant SECURITAS SECURITY SERVICES USA, INC., and DOES 1 through 10, inclusive (collectively "SECURITAS" and/or "Defendants") of failing to pay the Plaintiff Class in accordance with California wage and hour laws.

2.     The "Class Period" is designated as the time from the date of the filing of the complaint through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing since that time.

3.     During the Class Period, Defendants have had a consistent policy of failing to authorize and permit members of the Plaintiff Class (including Plaintiff) to take paid rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof free of duty, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

4.     During the Class Period, Defendants have had a consistent policy of requiring members of the Plaintiff Class (including Plaintiff) to work more than five (5) hours without providing them an uninterrupted, unrestricted meal period and failing to pay such employees one (1) hour of pay at their regular rate of

compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California sate wage and hour laws.

5.    During the Class Period, Defendants have had a consistent policy of failing to timely pay all wages due and owing for such meal and rest period premiums upon separation from Defendants' employ.

6.    During the Class Period, Defendants have had a consistent policy of failing to provide accurate itemized wage statements.

7.    Plaintiff, on behalf of herself and the proposed Class Members brings this action pursuant to Labor Code §§ 201, 202, 203, 204, 226, 226.7, 512, and California Code of Regulations, Title 8, Section 11040 and other applicable laws, seeking unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and as well as for reasonable attorneys' fees and costs, and such other relief as may be available, all according to proof at trial.

8.    Pursuant to Business Code §§ 17200-17208, Plaintiff, on behalf on behalf of all proposed Class Members, also seeks injunctive relief and restitution of all benefits Defendants enjoyed as a result of the wage and hour violations alleged in this Complaint.

## II.  JURISDICTION AND VENUE

9.    Venue is proper in this Court and this judicial district because this is a class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, and because this is a putative class action involving more than 100 putative class members who are seeking to recover in excess of $5,000,000, exclusive of interest and costs, and the parties are minimally diverse. *See* 28 U.S.C. § 1332(d).

10.   Here, Plainitff Marilyn Lutz is a citizen of California. Defendant SECURITAS is a citizen of New Jersey, and incorporated under the laws of Delaware.

11.   CAFA provides that putative class actions under 28 U.S.C. section 1332 grants original jurisdiction where, as here, the putative class contains at least

CLASS ACTION COMPLAINT

100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d). This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, (1) the proposed class consists of 1000 or more members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; and (5) the exceptions to CAFA do not apply here. See *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1020-22 (9th Cir. 2007).

## III. PARTIES

**A.    PLAINTIFF**

12.    This Class Action is maintained on behalf of a Class of past and present employees of SECURITAS who have been and/or now are employed as non-exempt security guards/officers within the State of California.

13.    During the Class Period, plaintiff Marilyn Lutz ("Scott") was employed by SECURITAS in a non-exempt security guard/officer position for approximately six (6) years until approximately March 2016. During the Class Period, Defendant assigned Plaintiff to work at a multi-security guard post at Kaiser hospital. During the Class Period, plaintiff Marilyn Lutz ("Scott") was and is a citizen of California.

14.    In said position, Plaintiff worked, during the Class Period, four (4) hours or a major fraction thereof, without being authorized and permitted to take a minimum ten minute paid rest period for every four (4) hours or a major fraction thereof worked, and without being compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not afforded.

15.    In said position, Plaintiff was and is permitted to work and did work, during the Class Period, shifts exceeding five (5) hours without being provided an uninterrupted, unrestricted meal period of not less than thirty (30) minutes and was

CLASS ACTION COMPLAINT

prevented from leaving the premises during meal periods, and without being compensated one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not afforded.

16.    In said position, Plaintiff was and is permitted to work and did work, during the Class Period, shifts exceeding five (5) hours without being permitted and authorized a uninterrupted, unrestricted, duty free rest period of not less than ten (10) minutes and was required to continue her observe and repot duties and maintain her security communication devices active, and  without being compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not afforded.

17.    As a result, Plaintiff was not paid the correct amount of wages due, as required under California law during the course of the employment with SECURITAS.  Plaintiff has been injured by the illegal practices and conduct alleged herein.  Plaintiff's claims under California law are similar to and typical of the claims of the members of the Plaintiff Class.

**B.    DEFENDANTS**

18.    At all times relevant hereto, Defendant SECURITAS SECURITY SERVICES USA, INC., and DOES 1 through 10, inclusive (collectively "SECURITAS" and/or "Defendants"), are a DELAWARE corporation, with its principal place of business in New Jersey, and qualified to and doing business in the State of California with offices in Orange County and elsewhere in California.

19.    SECURITAS directly employs, and since February 2013 has employed and exercised control over the wages, hours and/or working conditions of Plaintiff and members of the Plaintiff Class employed as non-exempt security guard/officer positions within California.

20.    Those Defendants identified as DOES 1 through 10, inclusive, are and were, at all relevant times mentioned herein, officers, directors, partners, and/or managing agents of one or more of the other defendants.  Plaintiff is informed and

CLASS ACTION COMPLAINT

believes, and thereon alleges, that at all relevant times mentioned herein, each of the Defendants identified as DOES 1 through 10, inclusive, employed and/or exercised control over the wages, hours and/or working conditions of Plaintiffs and members of the Plaintiff Class at various locations in California.

21.    The true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Fed. R. Civ. Proc. 17.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as "DOES" when such identities become known.

22.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants acted in all respects pertinent to this action as the agent or employee of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and therefore the acts of each of the Defendants are legally attributable to the other Defendants.  Defendants in all respects acted as the Employer and/or joint Employer of Plaintiff and members of the Plaintiff Class.

## IV.    FACTUAL BACKGROUND

23.    SECURITAS is a Delaware corporation employing unit that contracts with its customers to supply security guard officers to perform observe and report security guard duties.  SECURITAS hires its security guards/officers to work at client locations throughout California.

24.    On information and belief, SECURITAS negotiates with its customers the time and place and locations the security guards are to perform their duties, as well as the quality and price of the security guard services.

25.    On information and belief, SECURITAS determines the assignments of its security guards, and retains the authority to assign or reassign a security guard

CLASS ACTION COMPLAINT

from one customer location to another and also retains the right to hire and terminate
is security guards.

26.     In said position, Plaintiff and the members of the Plaintiff Class of
security guards are paid on an hourly basis and paid bi-weekly by Defendants.

27.     These employees have not been provided "rest periods" for work
periods of four (4) hours or major fractions thereof, or off duty "meal periods" for
work shifts in excess of five (5) and or ten (1) hours, and were not compensated one
hour's wages in lieu thereof.

28.     At all times relevant hereto, Plaintiff, and the members of the Plaintiff
Class, were and are non-exempt employees within the meaning of the California
Labor Code, and the implementing rules and regulations of the California Wage
Code ("IWC").

29.     Plaintiff, and the members of the Plaintiff Class, were regularly required
to work in excess of three and one-half (3½) hours without being permitted and
authorized to take a paid rest period and were regularly required to work in excess of
five (5) hours per day, without being provided an off duty meal period.  On
information and belief, SECURITAS required its non-exempt security guards to
maintain security communication devices on at all times, perform their basic observe
and repo functions, and were prevented from leaving the premises during their work
shifts, including during alleged breaks and lunches.

30.     SECURITAS did not properly or fully compensate Plaintiffs for the
failure to provide rest periods and meal periods during the Class Period.
SECURITAS's requirement that Plaintiff work all hours at the regular rate of pay
and work through meal and rest periods without paying one (1) hour of
compensation for failure to provide rest or meal periods was willful and deliberate.

31.     SECURITAS willfully failed to pay one (1) hour wages in lieu of rest
and meal periods, when each employee quit or was discharged.

32.     SECURITAS willfully failed to provide itemized statements to security

- 7 -
CLASS ACTION COMPLAINT

guard/officers employees setting forth all meal and rest period premium wages.

33. Plaintiff and the proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001, 4-2000, 4-1998, California Industrial Welfare Commission in No. 4 (Title 8 California Code of Regulations §§ 11040, 11070) or other applicable Wage Order(s).

## V.  CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) on behalf of herself and on behalf of all persons proximately damaged by SECURITAS's conduct, including, but not necessarily limited to, the following "Plaintiff Class":

> All persons who have been employed by SECURITAS, Inc. in a non-exempt security guard/officer position within the State of California at any time between February, 2013 through the trial date.

> Sub-Class 1 and 2:

> All persons who have been employed by SECURITAS in a non-exempt security guard/officer position within the State of California at any time between February, 2014 and have separated their employment.

> All persons who have been employed by SECURITAS in a non-exempt security guard/officer position within the State of California at any time between February, 2016 and have been provided a wage statement.

35. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

36. This action has been brought and may properly be maintained as a class action under the provisions of Fed. R. Civ. Proc. 23(b)(2) and/or (3). because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

## A.  NUMEROSITY

37. A class action is the only available method for the fair and efficient

CLASS ACTION COMPLAINT

adjudication of this controversy. The members of the proposed class are so numerous that joinder of all members would be impracticable, if not impossible, in that insofar as Plaintiff is informed and believes, and on that basis alleges, that SECURITAS currently employs hundreds of security guards/officers in California and has employed hundreds more during the Class Period. The identity of the members of the Class is readily ascertainable by review of SECURITAS's records.

38.    Accounting for employee turnover during the Class Period necessarily increases the number of potential class members substantially. Plaintiff is informed and believes, and thereon alleges, that SECURITAS's employment records would provide information as to the number and location of all proposed class members. Joinder of all members of the proposed Class is not practicable.

**B.    COMMONALITY**

39.    The subject matter of this action, both as to factual matters and matters of law is such that there are common questions of law and fact among the class which predominate over questions affecting only individual members including, among other things, the following:

a.    Whether SECURITAS violated Labor Code § 226.7, the applicable IWC Wage Orders, and California Code Regulations, Title 8, Section 11040 by failing to authorize and permit Plaintiff and members of the Plaintiff Class to take paid rest periods for every four (4) hours or major fraction thereof worked and failing to compensate said employees one (1) hours wages in lieu of rest periods (and whether SECURITAS's uniformly administered corporate policies and business practices encouraged the violation of said laws and regulations);

b.    Whether SECURITAS violated Labor Code §§ 226.7 and 512, the applicable IWC Wage Orders, and California Code Regulations, Title 8, Section 11040 by failing to provide Plaintiff and members of the Plaintiff Class meal periods on days they worked in excess of five (5) hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods (and whether Defendants'

CLASS ACTION COMPLAINT

1  uniformly administered corporate policies and business practices encouraged the

2  violation of said laws and regulations);

3        c.    Whether SECURITAS violated Labor Code § 203 and the

4  applicable IWC Wage Orders, and California Code Regulations, Title 8, Section

5  11040 by failing to timely pay all wages due and owing to Plaintiff and the Class

6  Members upon separation from Defendants' employ;

7        d.    Whether SECURITAS violated Labor Code § 226 and the

8  applicable IWC Wage Orders, and California Code Regulations, Title 8, Section

9  11040 by failing to provide accurate itemized wage statements to Plaintiff and the

10  Class Members upon separation from Defendants' employ;

11        e.    Whether SECURITAS violated § 17200 *et seq.* of the Business &

12  Professions Code by failing to provide meal periods to Plaintiff and members of the

13  Plaintiff Class;

14        f.    Whether SECURITAS violated § 17200 *et seq.* of the Business &

15  Professions Code by failing to permit and authorize Plaintiff and members of the

16  Plaintiff Class to take paid rest periods;

17        g.    Whether SECURITAS violated § 17200 *et seq.* of the Business &

18  Professions Code by failing to compensate Plaintiff and members of the Plaintiff

19  Class one (1) hour's wages in lieu of meal and/or rest periods;  and

20        h.    Whether Plaintiff and the members of the Plaintiff Class are

21  entitled to equitable relief pursuant to Business & Professions Code § 17200 *et seq.*

22  **C.    TYPICAL CLAIMS**

23        40.    The claims of the Plaintiff are typical of the claims of the Plaintiff

24  Class.  The claims of Plaintiff and members of the Plaintiff Class arise out of and/or

25  were caused by SECURITAS's common course of conduct in violation of laws,

26  regulations that have the force and effect of law, and statutes as alleged herein.

27  **D.    ADEQUACY OF REPRESENTATION**

28        41.    Plaintiff will fairly and adequately represent and protect the interests of

CLASS ACTION COMPLAINT

the members of the proposed Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment Class actions and there are no individualized defenses.

**E.     SUPERIORITY OF CLASS ACTION**

42.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of SECURITAS's illegal policy and/or practice of denying members of the Plaintiff Class rest periods and meal periods without legal compensation, failing to reimburse expenses and timely paying wages.

43.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

44.     The California Labor Code and Wage Order provisions upon which Plaintiff bases the claims are broadly remedial in nature.  These laws and labor standards serve as an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average worker from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the laws available to Plaintiff and members of the Plaintiff Class sought to represent make a class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.

45.     This action involves a corporate employer that employs hundreds of security guards/officers in the State of California each with a relatively small claim.

CLASS ACTION COMPLAINT

If each employee were required to file an individual lawsuit, SECURITAS would necessarily gain an unconscionable advantage as it would be able to exploit and overwhelm the limited resources of each individual plaintiff with SECURITAS's vastly superior financial and legal resources.  Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims of employees who would be disinclined to file an action against their current/former employer for real and justifiable fear of retaliation and permanent damage to their careers and subsequent employment.

46.     Prosecution of separate actions by individual members of the Plaintiff Class identified herein, even if possible, would create a substantial risk of:  (1) inconsistent or varying adjudications with respect to individual Class Members against SECURITAS which would establish potentially incompatible standards of conduct for SECURITAS; and/or (2) adjudications with respect to the individual members of the Plaintiff Class identified herein which would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication or which substantially impair or impede the ability of the class members to protect their interest.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
(Against SECURITAS and Does 1-10)

47.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation set forth above as though set forth herein in full.

48.     At all relevant times, SECURITAS was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512, as well as the applicable Wage Orders of the Industrial Welfare Commission.

49.     Labor Code § 226.7 and the applicable Wage Orders of the Industrial Welfare Commission provide that if an employer fails to provide a non-exempt

employee with an appropriate off duty meal period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

50.     Pursuant to the policies and business practices of SECURITAS, members of the Plaintiff Class, including Plaintiff, were not regularly provided adequate meal periods as required by California law and were not compensated by SECURITAS for each work day that adequate meal periods were not provided.

51.     SECURITAS failed to provide members of the Plaintiff Class, including Plaintiff, with timely off duty meal periods free from control of not less than thirty (30) minutes as required by the Labor Code during the Class Period.

52.     By failing to regularly provide timely uninterrupted and unrestricted meal periods, during which members of the Plaintiff Class were relieved of all duty, SECURITAS violated California Labor Code §§ 226.7 and 512, as well as the applicable Wage Orders of the Industrial Welfare Commission.

53.     As a direct and proximate result of SECURITAS's unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to unpaid wages and interest pursuant to statute, all in a sum to be established at trial. As a further and direct result of SECURITAS's unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to recover various penalties as well as costs and attorneys' fees pursuant to statute, all in a sum to be established at trial.

//

//

//

## SECOND CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT REST PERIODS OR PROVIDE COMPENSATION IN LIEU THEREOF

(Against SECURITAS and Does 1-10)

CLASS ACTION COMPLAINT

54.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above as though fully set forth herein.

55.    At all relevant times, SECURITAS was aware of and was under a duty to comply with California Labor Code §§ 226.7, as well as the applicable Wage Orders of the Industrial Welfare Commission.

56.    Labor Code § 226.7 and the applicable Wage Orders of the Industrial Welfare Commission provide that if an employer fails to authorize and permit a non-exempt employee to take an appropriate paid rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

57.    Pursuant to the policies and business practices of SECURITAS, members of the Plaintiff Class, including Plaintiff, were not regularly authorized and permitted by SECURITAS to take adequate duty free rest periods as required by California law and did not receive compensation for each work day that adequate rest periods were not authorized and permitted by SECURITAS.

58.    SECURITAS failed to provide members of the Plaintiff Class, including Plaintiff, with timely rest periods of not less than ten (10) minutes per four (4) hours or major fraction thereof worked as required by the Labor Code during the Class Period.

59.    By failing to regularly provide uninterrupted rest periods, during which members of the Plaintiff Class were relieved of all duty, SECURITAS violated California Labor Code § 226.7 as well as the applicable Wage Orders of the Industrial Welfare Commission.

60.    As a direct and proximate result of SECURITAS's unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to unpaid wages and interest pursuant to statute, all in a sum to be established at trial. As a further and direct result of SECURITAS's unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to recover various

CLASS ACTION COMPLAINT

penalties as well as costs and attorneys' fees pursuant to statute, all in a sum to be established at trial.

## THIRD CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES §§ 201-203.

(Against SECURITAS and Does 1-10)

61.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

62.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

63.    During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and members of the Waiting Time Subclass their earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ.  These wages include the meal and rest break period premiums, but upon separation Defendants failed to pay wages due and owing within the time frame specified by Labor Code §§201-202.

64.    Defendants' willful failure to pay Plaintiff and Waiting Time Subclass Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

CLASS ACTION COMPLAINT

65.    As a result, Defendants are liable to Plaintiff and members of the Waiting Time Subclass for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENT

(Against SECURITAS and Does 1-10)

66.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

67.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable meal and rest period premiums among other things.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226 on wage statements that have been provided to Plaintiff and the Class.

68.    IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

69.    Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

80.    Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

## FIFTH CAUSE OF ACTION

CLASS ACTION COMPLAINT

## VIOLATIONS OF UNFAIR COMPETITION LAWS

(Against SECURITAS and Does 1-10)

81.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

82.    The unlawful conduct of Defendants alleged herein constitutes unfair competition  within the meaning of Business & Professions Code § 17200, et seq. Due to their unlawful and unfair business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to properly pay employees for all earned wages as required by law.

83.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the Class have suffered injury in fact and lost money or property.  Plaintiff and the Class have been deprived of their rights to wages due as alleged herein.

84.    Pursuant to Business & Professions Code § 17203, Plaintiff and the Class are entitled to restitution of all wages and other monies owed and belonging to them, including interest thereon, that Defendant wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

85.    Plaintiff and the Class are entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine.

## SIXTH CAUSE OF ACTION

CLASS ACTION COMPLAINT

**Representative Action: Private Attorney General Act of 2004 Labor Code § 2698, et. seq. ("PAGA")**

**(On Behalf of Aggrieved Employees as a Representative Action)**

**(Against Securitas and Does 1-10)**

86. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

87. Labor Code §§ 2698 *et seq*. (The Private Attorney General Act / "PAGA") provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor & Workforce Development Agency ("LWDA") for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees.

88. Plaintiff is an aggrieved employees as defined in Labor Code §2699(a) in that he is a employee of Defendant, and one or more of the alleged violations alleged herein was committed against him.

89. Plaintiff brings this cause on behalf of herself and other current or former aggrieved employees affected by the Labor Code violations alleged in the Complaint and the to be filed First Amended Complaint and includes all causes of action and labor codes stated herein, and hereby incorporated by reference, in his capacity as a private attorney general.

90. Pursuant to Labor Code §2699 Plaintiff, individually and on behalf of all aggrieved employees, requests and is entitled to recover from Defendant penalties according to proof for the violations alleged herein, including attorneys' fees and costs and interests.

91. Pursuant to Labor Code §2699, Plaintiff is entitled to recover penalties under Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for each initial violation, and two hundred ($200) dollars for each aggrieved employee per pay period for each subsequent violation.

92.    Pursuant to California Labor Code §2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the LWDA and twenty-five percent (25%) to the aggrieved employees.

93.    The conduct of Defendant, as alleged herein, has been and continues to be deleterious to Plaintiff and other aggrieved employees.  By this action, Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of Code Civ. Proc. section 1021.5.

94.    The pre-lawsuit notice requirements set forth in Labor Code §2699.3 have been met as notice was filed with the LWDA on or about February 10, 2017 to Defendant and to the LWDA of the Labor Code and IWC Wage Order violations averred herein. (Attached hereto as Exhibit A).  Upon the 65 days passing, Plaintiff will have perfected and has satisfied the pre-lawsuit requirements and may continue this action.

95.    Plaintiff, in a representative capacity of all aggrieved employees seeks recovery of civil penalties for each of the alleged-violations of the Labor Code herein, plus attorneys' fees, and costs.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff prays for the following relief against Defendants:

1.    That the Court determine that this action may be maintained as a class action or actions;

2.    That Plaintiff's attorneys be named class counsel;

3.    That the Court declare that Defendants' policies and practices violate California law, including but not limited to, the Labor Code;

4.    That the Court declare that Defendants' conduct as alleged herein violated Labor Code §§ 201-203, 226, 226.7, and 512, the California Code of Regulations, Title 8, Section 11040, and the applicable Wage Orders;

5.    That the Court declare that Defendants engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq*.

CLASS ACTION COMPLAINT

6.      That the Court enter an order against Defendants for compensatory damages in an amount according to proof with interest thereon;

7.      That the Court enter an order against Defendants for economic and/or special damages in an amount according to proof with interest thereon;

8.      That the Court enter an order that each of the Defendants be ordered and enjoined to make restitution to the Class(es) due to their unfair competition, including specifically the restitution of all the wages and benefits wrongfully retained by Defendants, pursuant to California Business and Professions Code §§ 17203 and 17204;

9.      That the Court enter an order against each of the Defendants enjoining each of them from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

10.      That the Court enter an order against each of the Defendants enjoining each of them from further acts of restraint of trade or unfair competition;

11.      That the Court enter an order against Defendants for premium wages pursuant to Labor Code §§ 226 and 226.7 and all other applicable Labor Code Sections;

12.      That the Court enter an order against Defendants imposing all statutory and/or civil penalties provided by law including Labor Code sections 2698, et. seq.;

13.       That the Court enter an order against Defendants awarding to Plaintiffs and the members of the Plaintiff Class reasonable attorneys' fees, costs, and interest thereon;

14.      And all such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of actions and claims to which there is a right to jury trial.

CLASS ACTION COMPLAINT

1
2

Dated: February 9, 2017                    JAMES R. HAWKINS, APLC

3                                    By:  /s/ Gregory Mauro
4                                         JAMES R. HAWKINS
                                          GREGORY MAURO
5                                         Attorneys for Plaintiff
                                          and the Plaintiff Class
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT